IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JACQUELINE J. CAMPBELL, ) | Civil Action No. 3:09-01562-TLW-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the court pursuant to Local Rule 83.VII.02, et seq., D.S.C., concerning the disposition of Social Security cases in this District. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

**ADMINISTRATIVE PROCEEDINGS**

Plaintiff protectively applied for DIB and SSI on April 15, 2004, with an alleged onset of disability of April 21, 2004. Plaintiff's applications were denied initially, on reconsideration and, after hearing, by Administrative Law Judge ("ALJ") decision dated October 25, 2007. On October 29, 2007, Plaintiff requested that the Appeals Council review the ALJ's decision. By order dated March 20, 2008, the Appeals Council remanded Plaintiff's claims for further proceedings.

Plaintiff appeared and testified at a second hearing held on June 23, 2008, at which a vocational expert (VE) also appeared and testified. On July 23, 2008, the ALJ issued a decision finding Plaintiff not disabled because, based on Plaintiff's residual functional capacity, her vocational

1

factors, and the testimony of the VE, she can make an adjustment to other work. See 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

Plaintiff was thirty-eight years old at the time of the ALJ's decision. She has a limited education with past relevant work as a convenience store cashier/clerk. (Tr. 25). Plaintiff alleged disability due to a herniated disk, nerve damage in her back, bone spurs, back pain, and right lower extremity numbness. (Tr. 214).

The ALJ found (Tr. 20, 22, 25, 26):

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2008.

2. The claimant has not engaged in substantial gainful activity since April 21, 2004, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: Lumbar disc protrusion, lumbar radiculopathy, carpal tunnel syndrome, arthritis, depression, and obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with an option to sit for 30 minutes, stand for 30 minutes, provided she is not required to walk more than the length of half a city block, lift over 10 pounds, or perform more than occasional climbing. The claimant also may perform frequent but not constant use of her hands for fingering and handling.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on December 11, 1965 and was 38 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 21, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

On April 15, 2009, the Appeals Council denied Plaintiff's request for review (Tr. 4), thereby making the determination of the ALJ the final decision of the Commissioner. Plaintiff then filed this action on June 12, 2009.

## SCOPE OF REVIEW

The Social Security Act (the "Act") provides that DIB[1] shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). "Disability" is defined in the Act as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).[2]

---

[1] Eligibility requirements for SSI differ, see 42 U.S.C. § 1382, but are not an issue in the case sub judice.

[2] The regulations applying these sections are contained in different parts of Title 20 of the Code of Federal Regulations (C.F.R.). Part 404 applies to federal old-age, survivors, and disability insurance, and part 416 applies to supplemental security income for the aged, blind, and disabled. Since the relevant portions of the two sets of regulations are identical, the citations in this report will be limited to those found in part 404.

In evaluating whether a claimant is entitled to disability benefits, the ALJ must follow the five-step sequential evaluation set forth in the Social Security regulations. See 20 C.F.R. § 404.1520. The ALJ must consider whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to her past work, and (5) if not, whether the claimant retains the capacity to perform specific jobs that exist in significant numbers in the national economy. See id.

The scope of judicial review by the federal courts in disability cases is narrowly tailored. Thus, the only issues before this court are whether correct legal principles were applied and whether the Commissioner's findings of fact are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Substantial evidence is:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). It must do more, however, than merely create a suspicion that the fact to be established exists. Cornett v. Califano, 590 F.2d 91, 93 (4th Cir. 1978).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support

the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

In her brief before the court, Plaintiff alleges that the ALJ did not properly evaluate the opinion of her treating physician and the opinion of an evaluating physician. She also asserts that the ALJ erred in his evaluations of both her physical and her mental residual functional capacity ("RFC"). The Commissioner contends that the ALJ's decision is supported by substantial evidence and free of legal error.

**A. Physical RFC**

Plaintiff complains that the ALJ's analysis of her treating physician's opinion is flawed. The ALJ claimed to accord "great weight" to the findings and opinions of orthopedic surgeon William Lehman, Jr. Yet in his decision, the ALJ referred to three separate, and differing, opinions by Dr. Lehman:

(I) 4/7/05: "She still can work at a light duty capacity *as identified above*" (Tr. 327 (emphasis added));

(ii) 4/25/05: no prolonged standing greater than 30 minutes, and limited bending and lifting (Tr. 330);

(iii) 2/10/06: Plaintiff's impairments "limit[] her standing to a maximum of 20 minutes at a time, sitting limited to about 15 minutes at a time. She has difficulty lifting, reaching or pulling any significant weight" (Tr. 341).

Given the ALJ's ultimate finding as to Plaintiff's RFC , Plaintiff presumes that it was the ALJ's intention to give "great weight" only to the opinion offered second. Plaintiff points out that

5

the ALJ actually offered more than one RFC. At her June 2008 hearing, after some initial confusion (see Tr. 63-66), the ALJ appeared to have settled on "sit for 30 minutes *to an hour*, stand for 30 minutes to an hour, alternating throughout the day" (Tr. 66 (emphasis added)). On page 5 of the hearing decision (Tr. 22), the RFC provided for "sedentary"[3] work, "with an option to sit for 30 minutes, stand for 30 minutes," and with no sit/stand option. Later in the decision, however (Tr. 24), the ALJ found that Plaintiff had the capacity to "stand for 30 minutes, sit for one hour, . . . and should be allowed to alternate between sitting and standing as needed."

All three RFCs appear to be acceptable under Dr. Lehman's first opinion, except that "light duty" was defined with reference to Plaintiff's April 27, 2004 visit, which provided for sitting as needed. (See Tr. 275, 326). Moreover, if the RFC is interpreted to require Plaintiff to sit for thirty minutes then stand for thirty minutes, as Plaintiff argues, it could run afoul of Social Security Ruling (SSR) 96-9p, 61 Fed. Reg. 34,478-01, which explains:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing.

---

[3] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

Id. at 34,482.  The extent of the erosion may be determined by a VE, see id., but in Plaintiff's case, the VE was provided with specifications ("30 minutes *up to an hour*") which differed from those proposed by Dr. Lehman.  To the extent the ALJ's hypothetical did not "fairly set out all of claimant's impairments," it would be neither relevant nor helpful.  Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

Plaintiff adds that the ALJ failed to explain why he did not adopt the last opinion offered by Dr. Lehman which, being given latest in time, would seem to be the most relevant to the ALJ's decision.  SSR 96-8p, 61 Fed. Reg. 34,474-01, requires, "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  Id. at 34,478.  The undersigned can guess that the ALJ relied upon Plaintiff's testimony that she can sit for thirty minutes and stand for thirty minutes to an hour (Tr. 38), and upon objective findings from Plaintiff's medical records (see Tr. 23-24).  The role of this court, however, is otherwise:  "[I]t is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Thus, this case should be remanded in order that the ALJ can specify Plaintiff's RFC and explain the RFC in accordance with SSR 96-8p, including "how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  Id. at 34,478.

The ALJ also discussed an independent medical evaluation of Plaintiff by Dr. J. Samuel Seastrunk on May 2, 2006.  (Tr. 23-24; see also Tr. 373-77).  Dr. Seastrunk concluded, inter alia, that Plaintiff "cannot sit any more than one hour during an 8 hour work day and should not stand or walk more than one hour during an 8 hour work day."  (Tr. 377).  He added that, when sitting, Plaintiff

7

would need to frequently change positions. Dr. Seastrunk also suggested that Plaintiff's pain would "require frequent breaks" and interfere with Plaintiff's concentration at work. (Id.).

The ALJ stated that he "concurred" with Dr. Seastrunk's opinion (Tr. 24), yet both Plaintiff and Defendant interpret the opinion to limit her to a *total* of one hour of sitting and one hour of standing/walking per workday.[4] Further, the ALJ's RFC fails to provide for frequent breaks or impaired concentration. Defendant counters that the ALJ in fact adopted only that portion of the doctor's opinion that addressed Plaintiff's lifting restriction and sit/stand option, and that Plaintiff has offered no authority that requires the ALJ to adopt the opinion wholly. The ALJ, however, failed to explain *why* he did not adopt the whole of the opinion (see SSR 96-8p), and thus committed legal error.

**B. Mental RFC**

In accordance with 20 C.F.R. § 404.1520a, the ALJ completed the psychiatric review technique in his decision. (See Tr. 21). As noted by Plaintiff, there are several inconsistencies in the ALJ's decision. At step two of the sequential evaluation, the ALJ found Plaintiff's depression to be "severe." (Tr. 20). In so doing, the ALJ acknowledged that such impairments "cause significant limitation in the claimant's ability to perform basic work activities." (Tr. 21). See 20 C.F.R. § 404.1520(c). In the very next paragraph, however, the ALJ stated that Plaintiff's depression "does not cause more than a minimal limitation in [her] ability to perform basic mental work activities and is therefore nonsevere." (Id.). He then set out the technique, finding, inter alia, that Plaintiff had

---

[4]This appears to conflict with Dr. Seastrunk's determination that Plaintiff has just an eleven percent impairment to the whole person relative to her lumbar spine. (Tr. 377). Upon remand, the ALJ would be advised to contact the doctor to clarify his opinion.

8

"moderate" difficulties in maintaining social functioning and in maintaining concentration, persistence, and pace.

> Section 404.1520a
>
> requires the evaluative steps to be performed sequentially. If the claimant fails to meet any of the sequential hurdles, the claimant is not entitled to benefits and the ALJ is not required to complete the full analytic process. Thus, if the initial preconditions are not satisfied, the ALJ is not required to perform [an RFC] assessment.

Maier v. Comm'r of Soc. Sec. Admin., 154 F.3d 913, 915 (9th Cir. 1998); see also 20 C.F.R. § 404.1520a(d)(3) ("If we find that you have a severe mental impairment(s) that neither meets nor is equivalent in severity to any listing, we will then assess your [RFC]."). The ALJ next stated, "*Accordingly*, the undersigned has translated the above 'B' criteria findings into work-related functions in the [RFC] assessment below." (Tr. 21 (emphasis added)). Instead of so doing, and out of step with the sequential evaluation, he found that Plaintiff's depression (in one place in the opinion it was found to be a severe impairment - Tr. 20), either alone or in combination with her other impairments, did not meet or equal a listing. (Tr. 22). The RFC that followed did not, in fact, include any mental limitations.[5] Further, the ALJ's hypotheticals to the VE did not include any mental limitations. (See Tr. 63-66).

Plaintiff argues that the moderate limitations found by the ALJ should be reflected in a mental RFC and incorporated into a hypothetical. Defendant responds that Plaintiff failed to point out what limitations the ALJ should have included, but the ALJ had discussed Plaintiff's alleged "memory problems" and found that she had moderate difficulties in maintaining concentration, persistence, or

---

[5] The ALJ decided to accord "[l]ittle weight" to the RFC opinion of the state agency consultant (Tr. 24), but because the consultant did not find that Plaintiff had a mental impairment (Tr. 313), he did not perform an RFC assessment.

9

pace. (Tr. 21). Moreover, although Dr. Seastrunk attributed Plaintiff's concentration restrictions to her pain, difficulty concentrating is a recognized symptom of depression. See 20 C.F.R. Pt. 404, subpt. P, app. 1, § 12.04A(1)(g).

Defendant adds that "the ALJ's finding that Plaintiff could perform unskilled work accommodated any limitations Plaintiff may have had resulting from depression." (Def.'s Br. 13). But the ALJ's finding that Plaintiff could perform jobs that just happened to be unskilled does not mean that the ALJ made a finding that Plaintiff could perform unskilled work. The Commissioner has explained that:

> [b]ecause response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's [mental] condition may make performance of an unskilled job as difficult as an objectively more demanding job. . . . Any impairment-related limitations created by an individual's response to demands of work, however, must be reflected in the RFC assessment.

SSR 85-15. Upon remand, the ALJ should follow the sequential evaluation as to Plaintiff's mental impairment(s), if any, and provide consistent findings.

## **CONCLUSION**

The Commissioner's decision is not supported by substantial evidence. This action should be remanded to the Commissioner for further administrative action as set out above.

RECOMMENDED that the Commissioner's decision be **reversed** pursuant to 42 U.S.C. §§ 405(g), sentence four, and 1383(c)(3), and that the case be **remanded** to the Commissioner.

Joseph R. McCrorey
United States Magistrate Judge

July 8, 2010
Columbia, South Carolina