IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jacqueline J. Campbell, | ) |
|     Plaintiff, | ) ) ) |
| vs. | )   Civil Action No.: 3:09-cv-1562-TLW-JRM |
| Michael J. Astrue, Commissioner of Social Security Administration, | ) ) ) ) |
|     Defendant. | ) ) ) |

# ORDER

Before the Court is the plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. # 26). The plaintiff, Jacqueline J. Campbell ("plaintiff"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security Administration ("Commissioner" or "defendant"), denying her claims for Disability Insurance Benefits and Supplemental Security Income. (Doc. # 1). The case was referred to United States Magistrate Judge Joseph R. McCrorey pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2), DSC. On July 8, 2010, the Magistrate Judge issued a Report and Recommendation ("Report") in which he recommended that the Commissioner's decision be reversed pursuant to 42 U.S.C. §§ 405(g), sentence four, and 1383(c)(3) and that the case be remanded to the Commissioner. (Doc. # 21). On July 20, 2010, the Commissioner filed a reply to the Report in which he notified the Court that the Commissioner would not file objections to the Report. (Doc. # 22). On September 16, 2010, this Court accepted the Magistrate Judge's Report. (Doc. # 24).

On December 8, 2010, counsel for the plaintiff filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. # 26) The motion seeks reimbursement for counsel's representation in this matter in the amount of $4,239.01 for attorney's fees (24.7 hours at $171.62 per hour), $357.00 for costs, and $16.00 for expenses. (Doc. # 26). On December 21, 2010, the Commissioner filed a response in opposition to the plaintiff's motion. (Doc. # 27). In the response, the Commissioner does not object to the payment of costs and expenses but requests that the Court deny the petition for attorney's fees because the Commissioner's position in the case was substantially justified. (Doc. # 27). Alternatively, if the Court awards attorney's fees, the Commissioner argues the amount requested is excessive and should be reduced because approximately 2.25 hours are for administrative tasks that should not be reimbursed at the attorney's hourly rate. (Doc. # 27). On January 13, 2011, the plaintiff filed a reply to the Commissioner's response. (Doc. # 28). In the reply, the plaintiff's counsel seeks an additional $257.43 in attorney's fees, which represents 1.5 hours that was spent preparing a reply to the Commissioner's response in opposition. (Doc. # 28).

Under the EAJA, "[a] party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not 'substantially justified' and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (citing Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991)). While the claimant has the burden of demonstrated that she is the prevailing party, the government has the burden of demonstrating that its position was substantially justified or that special circumstances exist to make a fee award unjust. Reich v. Walter W. King Plumbing & Heating Contractor, Inc., 98 F.3d 147, 150-51 (4th Cir. 1996) (citing Thompson, 980 F.2d 280 at 281). To

2

establish substantial justification, the defendant must show "that its position had a reasonable basis in both fact and law." Crawford, 935 F.2d at 656 (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The Government's position is substantially justified if it is 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Cody v. Caterisano, 631 F.3d 136, 141 (4th Cir. 2011) (quoting Pierce, 487 U.S. at 565). The Government need not "win to prove its position substantially justified; 'it can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" Id. (quoting Pierce, 487 U.S. at 566 n.2). "The government's position 'encompass[es] both the agency's prelitigation conduct and the [government]'s subsequent litigation position[ ].'" Crawford, 935 F.2d at 656-57 (first and third alterations in original) (quoting Comm'r, Immigration & Naturalization Serv. v. Jean, 496 U.S. 154, 159 (1990)); see also 28 U.S.C. § 2412(d)(2)(D).

In the Report and Recommendation accepted by this Court, the Magistrate Judge recommended this case be remanded so the Administrative Law Judge ("ALJ") could specify and explain the plaintiff's residual functional capacity, including an explanation of how any inconsistencies or ambiguities in the record were considered and resolved. The Magistrate Judge also concluded that the ALJ committed legal error by not explaining why he did not adopt the whole of Dr. Seastrunk's opinion. Additionally, with respect to the plaintiff's alleged mental impairments, the Magistrate Judge found that the ALJ made findings out of step with the sequential evaluation and recommended that on remand the ALJ follow the sequential evaluation and provide consistent findings. The Commissioner filed no objections to the Report. After careful consideration of the relevant facts and law, the Court finds that the defendant has not met its burden of showing that its position was substantially justified or that special circumstances exist to make a fee award unjust.

The Commissioner also argues that if attorney's fees are awarded, the amount requested should be reduced because it is excessive. More specifically, the Commissioner argues that approximately 2.25 of the hours for which the plaintiff's counsel seeks reimbursement were spent on administrative tasks that should not be reimbursed at the attorney's hourly rate. These hours include 1.25 hours for preparing the summons, complaint, and civil cover sheet; 0.10 hours for filing the summons, complaint, and civil cover sheet; 0.15 hours for receiving the summons returned executed; 0.10 hours for service of the summons and complaint by certified mail; 0.15 hours for review and filing proof of service; and 0.50 hours for reviewing and filing the plaintiff's brief. The Supreme Court has noted that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989). However, the Supreme Court has also recognized that there are many activities which fall in "a gray area of tasks that might appropriately be performed either by an attorney or a paralegal." Id. "The Fourth Circuit has upheld compensation at the full attorney rate for certain tasks in this gray area on the basis that there is no single, correct way to staff every lawsuit and, sometimes, it is more economical and efficient for attorneys to do 'non-legal' work." Gough v. Apfel, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) (citing Spell v. McDaniel, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). The Court finds that preparing the summons, complaint, and civil cover sheet and reviewing and filing the plaintiff's brief are tasks that an attorney might appropriately perform. As for the other 0.50 hours to which the Commissioner objects, the Court finds that the activities performed during this time fall within the gray area of tasks that might appropriately be preformed by an attorney or non-attorney. As a result, the Court concludes that the 2.25 hours to which the Commissioner objects are compensable at the attorney's hourly rate.

After careful review, the Court finds that the attorney's fee petition submitted by plaintiff's counsel (Doc. # 26) is reasonable.  Accordingly, it is hereby **ORDERED** that the plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. # 26), is **GRANTED** in the amount of $4496.44 in attorney's fees ($4239.01 requested in the original motion plus $257.43 requested in the plaintiff's reply) and $373.00 in costs and expenses.

**IT IS SO ORDERED.**

s/Terry L. Wooten<br>
TERRY L. WOOTEN<br>
United States District Judge

July 5, 2011

Florence, South Carolina